**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

FILED
CLERK'S OFFICE

~~~~ 23  A 10: 29

U.S. DISTRICT COURT
DISTRICT OF MASS.

---

**BRIAN C. MARQUIS, and all others**
**adversely and similarly situated,**

        Plaintiff,

v.

**BERKSHIRE COMMUNITY COLLEGE,**

**BOARD OF TRUSTEES, individually and**
**in their nine official capacities,**

**BRYAN BLANCHARD individually**
**and his official capacity; and**

**ANNE M. MOORE, individually**
**and in her official capacity,**

        Defendants

C. A. NO.:

04 - 30059 - MAP

---

    The Plaintiff, BRIAN C. MARQUIS ("Marquis") brings this action against Defendants, the Berkshire Community College; its Board of Trustees; its College President Dr. Bryan Blanchard; and its College Director of Financial Aid Anne M. Moore ("College") for violations of United States Cont. amends., I, V, XIV, § 2, 42 U.S.C. §§ 1983, 1985, promissory estoppel; and beach of the special relationship.

## PARTIES

    1.    Marquis is a resident of Massachusetts, residing at 6 Billings Street, Lanesborough, Berkshire County.

    2.    Berkshire Community College is Massachusetts Community College venue at 1350 West Street, in Pittsfield, Berkshire County.

3.    Its board of trustees consists of nine (9) individual members drawn from different segments of Berkshire County, Massachusetts. Each member is an appointee of the governor of the commonwealth, serving a defined term.

4.    Its president maintains a working office at the College. The board of trustees appointed him.

5.    Its director of financial aid maintains a working office at the College. Upon information and belief, the director of human resources hired her.

## JURISDICTION AND VENUE

6.    Subject matter jurisdiction in this Court is predicated on 28 U.S.C. § 1331 as the parties are disputing federal constitutional amendment issues.

7.    Venue is proper in the District Court for the District of Massachusetts under 28 U.S.C. § 1391 as a substantial part of the actions, events and omissions giving rise to this claim occurred in Massachusetts.

## FACTS

8.    At or about the middle of March 2003, Marquis, as permanently disabled individual, applied for full-time student readmission to the College. In addition to his applying for admission, he made special application for financial aid.

9    At or around the time of his application and acceptance, he received a suspension of financial aid eligibility notice from the College, dating back to at or about 1988.

10.    Filing a request for reinstatement, together with supporting documentation, Marquis's financial aid was eventually reinstated, upgrading him to full eligibility.

11.    On or about 22 August, 2003, Marquis received from the College a Notice of Financial Aid Award for academic year 2003-2004. The two-semester award was valued at approximately two thousand nine hundred thirty-six dollars ($2,936.00), each semester equaling one thousand four hundred sixty-eight dollars ($1,468.00) available to help pay Marquis's College bills. Attached hereto and made a part hereof as Exhibit "A."

12.    At or about early October, 2003, although a change in degree program studies occurred, as a result of instructor misconduct, Marquis remained on full-time student status

13.    At or about the 21 January 2004, Marquis learned of the College's permanent second-half taking of his financial aid award, consequently leading to his immediate withdrawal from the College.

## COUNTS

### (Count I-Violation of First Amendment)
### (as to all Defendants)

14.    Marquis repeats, realleges and incorporates by reference herein, the above paragraphs 1 through 13 inclusive.

15.    As a consequence of Marquis filing a written e-mail complaint against a college instructor, the Defendants, arbitrarily and capriciously, permanently took away the second half of his financial aid award, causing him irreparable harm, and ultimately forcing him to withdrawal from the college.

### (Count II-Violation of Fifth Amendment)
### (as to all Defendants)

16.    Marquis, realleges and incorporates by reference herein, the above paragraphs 1 through 15, inclusive.

17.    The Defendants had engaged in a government taking of Marquis's financial aid, depriving him of his inherent constitutional rights and privileges of procedural and substantive due process safeguards, causing irreparable harm to his continuing endeavor to earn an associates degree in Business Software System.

### (Count III-violation of Fourthteen Amendment § 2)
### (as to all Defendants)

18.    Marquis, realleges and incorporates by reference herein, the above paragraphs 1 through 17, inclusive.

19.    The Defendants had engaged in a government taking of his financial aid, depriving him of his inherent constitutional rights and privileges of procedural and substantive due process safeguards, causing irreparable harm to his continuing endeavor to earn an associates degree in Business Software Systems.

### (Count IV-Violation of 42 U.S.C. § 1983)
### (as to all Defendants)

20.    Marquis, realleges and incorporates by reference herein, the above paragraphs 1 through 19, inclusive.

21.    Defendants, in their capacities as state actors, whose conduct was sufficiently willful, reckless, acting and engaging in official state actions with callous indifference, wanton malevolence, malice, and with intentional gross negligence, within the scope of their duties under the color of state law, causing irreparable constitutional harm to Marquis.

### (Count V-Violation of 42 U.S.C. § 1985)
### (as to all Defendants)

22.    Marquis, realleges and incorporates by reference herein, the above paragraphs 1 through 21, inclusive.

23.    Defendants, willfully and wantonly, directly or indirectly, in whole or in part, did with unqualified deliverance, conspire to deprive Marquis of his inherent constitutional rights and privileges, thus, causing him irreparable harm.

## (Count VI-Breach of the Special Relationship)
## (as to all Defendants)

24.    Marquis, realleges and incorporates by reference herein, the above paragraphs 1 through 23, inclusive.

25.    Defendants had breached the special relationship owed to an enrolled/registered student, thus, causing Marquis irreparable harm.

## (Count VII-Promissory Estoppel)
## (as to all Defendants)

26.    Marquis, realleges and incorporates by reference herein, the above paragraphs 1 through 25, inclusive.

27.    Defendants promised Marquis that his financial aid award would be accessible to him for both semesters.

28.    In reliance on Defendants' promise, Marquis registered and began the spring 2004 semester, unaware of any arbitrary and capricious material adjustments in his financial aid eligibility status.

29.    As a result of the College's failure to release Marquis's financial aid award and Marquis's reasonable and detrimental reliance on their promise to do so, the College is liable for all direct, indirect and consequential damages suffered.

## PRAYER FOR RELIEF

WHEREFORE, Marquis respectfully request the following relief against Defendants:

1.    Enjoin Defendants from any further constitutional violations;

2.    Order injunctive relief and declaratory judgment;

3.    Monetary, retroactive, and prospective relief;

4.    Reinstatement of his student financial aid;

5.    Disallow and remove the Defendants' invocation of their Eleventh Amendment qualified immunity shield, under the *Ex Parte Young Doctrine,*

6.   Award nominal, consequential, punitive and actual damages, costs, and
     pre-judgment interest to Marquis pursuant to counts I, II, III, IV, V, VI,
     and VII; and

7.   Award such other relief as this Court deems just and proper.

## MARQUIS REQUESTS A TRIAL ON ALL ISSUES SO TRIABLE

### RESPECTFULLY SUBMITTED

Dated: 22 March 2004

By:

BRIAN C. MARQUIS
Registered Paralegal
Plaintiff in propia persona
6 Billings Street
Lanesborough, MA 01237-9750
Tele No. 413.443.9675
(Fax No.)  413.443.5513
E-mail: kmar918393@aol.com

# *EXHIBIT A*



# Berkshire
## Community College

August 22, 2003

Mr. Brian C. Marquis
6 Billings Street
Lanesboro, MA 01237

Dear Brian:                    SSN:  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
                               ID:   0102587

Berkshire Community College is pleased to notify you of your
financial aid eligibility for the 2003-2004 academic year.

|                      | FALL | SPRING | TOTAL |
|----------------------|------|--------|-------|
| Federal Pell Grant   | 250  | 250    | 500   |
| MASSGrant            | 150  | 150    | 300   |
| Mass Tuition Waiver  | 312  | 312    | 624   |
| Mass Cash Grant      | 756  | 756    | 1,512 |

TOTAL FINANCIAL ASSISTANCE...........................$2,936

Berkshire Community College reserves the right to adjust your
award(s) at any time if there are changes in your status or in
the availability of funds.  Be sure to read the enclosed
information for a detailed explanation of how to use financial
aid to pay your BCC tuition bill and indirect college costs.

Sincerely,

*Anne M. Moore*

Anne M. Moore
Director of Financial Aid

Enclosures

* Loans are available for eligible students. To apply, follow instructions
  on the enclosed "HOW TO GET YOUR LOAN" insert.

PLAINTIFF'S EXHIBIT A



1350 West Street • Pittsfield, Massachusetts  01201-5786 • 413-499-4660
South County Center • 343 Main Street • Great Barrington, Massachusetts  01230 • 413-528-4521