UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 04-30059-MAP

| | |
|---|---|
| BRIAN C. MARQUIS, and all others adversely and similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| BERKSHIRE COMMUNITY COLLEGE, BOARD OF TRUSTEES, individually and in their nine official capacities, BRYAN BLANCHARD, individually and his official capacity; and ANNE M. MOORE, individually and in her official capacity, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## ANSWER TO COMPLAINT

The Attorney General, on behalf of the defendants (hereinafter referred to collectively as ("BCC"), responds to the complaint as follows:

The allegations contained in this paragraph merely state the nature of the case and call for a legal conclusion and therefore no response is necessary.

### PARTIES

1.   This allegation pertains to the plaintiff and facts that are more readily ascertainable by the plaintiff; therefore, no response is required.

2.   BCC admits the allegations in paragraph 2.

1

3. BCC admits the allegations in paragraph 3.

4. BCC admits the allegations in paragraph 4.

5. BCC admits the allegations in paragraph 5.

## JURISDICTION AND VENUE

6. To the extent the allegations contained in paragraph 6 are statements or conclusions of law, BCC is not required to respond to them.

7. To the extent the allegations contained in paragraph 7 are statements or conclusions of law, BCC is not required to respond to them.

## FACTS

8. BCC admits that in 2003 Marquis applied for readmission and financial aid. The remaining allegations pertain to the plaintiff and facts that are more readily ascertainable by the plaintiff, therefore no response is required.

9. BCC admits that Marquis had previously been suspended for financial aid because of his failure to satisfy certain criteria. All other allegations are denied.

10. BCC admits that Marquis appeal of the suspension was granted. All other allegations are denied.

11. The referenced document speaks for itself, and therefore no responses is required.

12. BCC denies the allegations in paragraph 12.

13. BCC denies the allegations in paragraph 13.

## COUNT I
## VIOLATION OF FIRST AMENDMENT

14. BCC hereby realleges and incorporates its responses to paragraph 1 through 13

2

as though fully set out.

15. BCC denies the allegations contained in paragraph 15 of the complaint.

## COUNT II
## VIOLATION OF FIFTH AMENDMENT

16. BCC hereby realleges and incorporates its responses to paragraph 1 through 15 as though fully set out.

17. BCC denies the allegations contained in paragraph 17 of the complaint.

## COUNT III
## VIOLATION OF FOURTEENTH AMENDMENT § 2

18. BCC hereby realleges and incorporates its responses to paragraph 1 through 17 as though fully set out.

19. BCC denies the allegations contained in paragraph 19 of the complaint.

## COUNT IV
## VIOLATION OF 42 U.S.C. § 1983

20. BCC hereby realleges and incorporates its responses to paragraph 1 through 19 as though fully set out.

21. BCC denies the allegations contained in paragraph 21 of the complaint.

## COUNT V
## VIOLATION OF 42 U.S.C. § 1985

22. BCC hereby realleges and incorporates its responses to paragraph 1 through 21 as though fully set out.

23. BCC denies the allegations contained in paragraph 23 of the complaint.

## COUNT VI
## BREACH OF THE SPECIAL RELATIONSHIP

24. BCC hereby realleges and incorporates its responses to paragraph 1 through 23 as though fully set out.

25. BCC denies the allegations contained in paragraph 25 of the complaint.

## COUNT VII
## PROMISSORY ESTOPPEL

26. BCC hereby realleges and incorporates its responses to paragraph 1 through 25 as though fully set out.

27. BCC denies the allegations contained in paragraph 27 of the complaint.

28. BCC denies the allegations contained in paragraph 28 of the complaint.

29. BCC denies the allegations contained in paragraph 29 of the complaint.

30. Any and all allegations or claims to which defendants did not respond are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiff failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff's actions are barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

The individual defendants are not liable for damages because any conduct by them in connection with the matters alleged in the complaint was discretionary, within the scope of their official authority as public officials, performed in good faith, and not in violation of any clearly

4

established law.

### FOURTH AFFIRMATIVE DEFENSE

BCC is absolutely and qualifiedly immune from liability for damages for any violation of plaintiff's rights under federal law or state law because the defendants' conduct at all relevant times was in good faith, without malice, and not in disregard of settled principles of constitutional law.

### FIFTH AFFIRMATIVE DEFENSE

The activities complained of do not rise to the level of constitutional deprivations under 42 U.S.C. § 1983.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff was on notice of the Financial Aid Satisfactory Academic Progress Policy.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the Eleventh Amendment to the U.S. Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

The plaintiff failed to exhaust his administrative remedies when he failed properly to pursue an appeal.

### NINTH AFFIRMATIVE DEFENSE

BCC did not interfere with plaintiff's exercise or enjoyment of any rights secured by the constitutions or laws of either the United States or the Commonwealth.

### TENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrines of waiver and estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

The alleged actions of BCC were neither the proximate nor actual cause of any of the damages suffered by the plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

BCC hereby gives notice that it intends to rely upon such other and further defenses that may become available or apparent during discovery proceedings in this case and hereby reserves the right to amend this answer to assert any such defenses.

THE DEFENDANTS

By their attorney,
THOMAS F. REILLY
ATTORNEY GENERAL

By: _____
Timothy M. Jones
Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA 01103
(413)784-1240 (x 105)
Fax: 784-1244
BBO No. 618656
Date: July 23, 2004

---

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the each party by first class mail on July 23, 2004.

_____
Timothy M. Jones, AAG

6