UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO. 04-30059-MAP

BRIAN C. MARQUIS, and all others )
adversely and similarly situated, )
                                         )
              Plaintiff, )
                                         )
v.                                  )
                                        )
BERKSHIRE COMMUNITY COLLEGE, )
et al., )
              Defendants. )
                                        )

**DEFENDANTS' PROPOSED PRE-TRIAL SCHEDULE**

The Attorney General, on behalf of the defendants, submits this proposed pre-trial schedule:[1]

1.      Initial disclosures: The parties shall serve their initial disclosures pursuant to Fed. R. Civ. P. 26 on or before January 1, 2005.

2.      Fact Discovery:

        A.      Written Fact Discovery: Each side shall be allowed 30 interrogatories, two separate sets of requests for production, and 20 requests for admissions. The parties may break their interrogatories into two or more sets, but all interrogatories, requests for production, and

---

[1] The defendants attempted to work with the plaintiff in drafting a proposed joint schedule, but the plaintiff unfortunately terminated that endeavor and instead stated that the parties would draft their own proposed schedules. For the Court's information, attached as Exhibit A is a copy of relevant email correspondence and Mr. Marquis' initial proposed scheduling order.

1

requests for admissions shall be served by May 1, 2005.

  B.  Fact Depositions: Each side shall be allowed 5 fact depositions. Fact depositions shall be completed by June 30, 2005.

  3.  Expert Discovery: Plaintiff shall designate and disclose information regarding trial experts pursuant to Fed. R. Civ. P. 26 by June 1, 2005. Defendants shall designate and disclose information regarding trial experts pursuant to Rule 26 by July 21, 2005. Any rebuttal expert reports shall be served by August 21, 2005. All expert depositions shall be completed by September 15, 2005.

  4.  Motion Schedule: All dispositive motions shall be served no later than October 15, 2005.

  5.  Certifications: The defendants are in compliance with the requirements of LR 16.1(D)(3), and appropriate certifications will be provided at the scheduling conference.

          THE DEFENDANTS
          By their attorney,
          THOMAS F. REILLY
          ATTORNEY GENERAL

         By: _____
          Timothy M. Jones, BBO No. 618656
          Assistant Attorney General
          Western Massachusetts Division
          1350 Main Street
          Springfield, MA 01103
          (413)784-1240 (x 105); Fax: 784-1244

---

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the each party by first class mail on November 10, 2004.

_____
Timothy M. Jones, AAG

Case 3:04-cv-30059-MAP    Document 12    Filed 11/10/2004    Page 3 of 11



**Timothy Jones**
11/10/04 09:03 AM

To: KMar918393@aol.com
cc:
Subject: Re: BCC v. MARQUIS, case # 04-30059

Mr. Marquis:

You misunderstood my email regarding settlement. The college is always willing to entertain any settlement offer you have, and I request again (as I did in our telephone conference) that you make one before the scheduling conference, as you are required to do by LR 16.1 (that rule actually requires you to make one at least 10 days before the scheduling conference, which you did not do). My email stated only that mediation was not necessary to facilitate a settlement.

I expect that you will make an offer well in advance of the scheduling conference so that I will have time to confer with my client, as required by LR 16.1.

Timothy M. Jones
Assistant Attorney General
Western Mass. Division
Massachusetts Attorney General's Office
1350 Main St., 4th Floor, Springfield, MA 01103
phone: 413-784-1240 x105
facsimile: 413-784-1244


KMar918393@aol.com



**KMar918393@aol.com**
11/09/04 10:13 AM

To: Timothy.Jones@ago.state.ma.us
cc:
Subject: Re: BCC v. MARQUIS, case # 04-30059


Mr. Jones...thank you for your many, many changes. With respect to those proposed changes: I am *not* inclined to reconfigure the entire format and construction of the proposed discovery schedule just because you oppose every line item. Forasmuch as your categorical rejection of any Alternate Dispute Resolution, it leads me to conclude that settlement is no longer (or never has been a conceivable option) a real possibility. It sounds like your clients are letting their personal animus over come their better judgments (or are you the obstructionist?). I suspect, however, you're banking on my pro se status to enhance some favoredness court ruling at the depositive motion phase. Perhaps there is a sunset presumption of favoredness on your side, but I also demur that Judge Neiman will not look kindly on your trepid ways.

Again, as I stated earlier: I am not going to engage in single line item, protracted draft discovery issues just you can hope to obtain a lope-sided document favoring your clients schedule.

In the final analysis: if you cannot meet half way and agree with anything other than disagreeing with everything I've proposed, then I submit, in the future, we should let the court decide on a course of trail discovery, *et al*. Therefore, I'll file my proposed discovery schedule and you file yours, leaving the court to deduce a joint schedule we both must abide by.

Since you seem to be in the lecturing mode: let me remind you of your Cannon of Ethics, which require you to engage me as equally as you would a bar brethren. So far there's been zero tolerance for me, my litigation status, this case, and absolutely no indication to entertain any reasonable offer of settlement.

Your immediate rejection, notwithstanding, of any ADR is utterly shameful.

**BRIAN C. MARQUIS**
Registered Paralegal

*Independent Paralegal Services for Attorneys*

*Notary Public*
(24-Hour Subpoena Service)

*Web Page: http://hometown.aol.com/kmar918393/myhomepage/business.html*

6 Billings Street
Lanesborough, Massachusetts 01237-9750
Tele: 413.443.9675
Fax: 413.443.5513
Pager: 413.445.1184
Mobile: 413.212.1562
E-mail: kmar918393@aol.com
         bmarquis@mcla.edu

### PLEASE TAKE NOTE

The information contained in this e-mail message (and attachment(s) hereto) is legally privileged and confidential information intended for the use of the addressee(s) named above (i.e., Electronic Communications Privacy Act of 1986 (ECPA), 18 U.S.C. Sections 2510-2521 (2000)). If you, the reader of this message, are not the intended recipient(s), you are hereby notified that you should not further disseminate, distribute, copy, or forward this E-mail message. If you have received this E-mail in error, please notify the sender as soon as possible. In addition, please delete the erroneously received message from any device and/or media where the message may be stored.



**Timothy Jones**

11/08/04 09:23 AM

To: KMar918393@aol.com
cc:
Subject: Re: BCC v. MARQUIS, case # 04-30059

Mr. Marquis:

You have an obligation to engage in bilateral discussions regarding the proposed scheduling order; so, I will disregard your statement about how many proposed changes you will accept. Please make changes and provide me with an edited version of the document. This must be filed by Wednesday, November 10. I would be happy to do that for you, given my proximity, if you will engage in reasonable discussions regarding this proposed order.

This Court will provide a phased schedule, so I propose the following dates:

The parties shall complete automatic disclosures by January 1, 2005

All written discovery (interrogatories, requests for production, and admissions) served by May 1, 2005.

Non-expert depositions shall be completed by June 30, 2005

Plaintiffs shall designate and disclose information regarding trial experts pursuant to Rule 26 by June 1, 2005.

Defendants shall designate and disclose information regarding trial experts pursuant to Rule 26 by July 21, 2005.

All expert depositions shall be completed by September 15, 2005.

Defendants shall serve their motions for summary judgment no later than November 15, 2005.

Further, please note the following:

I will only agree to limit deposition time for the plaintiff (you) to 8 hours. If you would like the same limit for the defendants, that is fine.

Remove provision regarding videotaping---the rules already cover this.

Remove provision regarding supplementation--the rule already cover this.

Remove the pretrial conference request---the court will set this.

Change provision regarding settlement: I do not agree that settlement opportunities can be enhanced by mediation or summary trial.

At this point we do not include provisions regarding witnesses and exhibits.


Tim

Timothy M. Jones

Assistant Attorney General
Western Mass. Division
Massachusetts Attorney General's Office
1350 Main St., 4th Floor, Springfield, MA 01103
phone: 413-784-1240 x105
facsimile: 413-784-1244


KMar918393@aol.com



**KMar918393@aol.com**
11/06/04 12:42 PM

To: timothy.jones@ago.state.ma.us
cc:
Subject: BCC v. MARQUIS, case # 04-30059


Mr. Jones...please find attached hereto and made a part hereof for all general purposes a draft (electronic pdf) copy of a discovery schedule, as required by the Court and the rules of civil procedure.

For the record: as a consequence of our 26 October 2004 telephone conversation, I was left with the acumen impression that because you considered my claim to be nothing short of futile, frivolous and meritless, you had no serious intention of fostering a bona fide settlement agreement between your clients and I. Therefore, I am not prepared at this time to tender a written offer of settlement. If you feel as though my decision violates or breaches any rules of civil procedure or contradicts the Order of Court then perhaps you should grieve your concerns at the discovery conference (I don't consider this claim a joke).

If you wish to speak to your clients and they feel a settlement is warranted then please feel free to send me one, otherwise this case moves ahead accordingly.

Finally, as I stated earlier, if I survive the summary judgment process and this case is schedule for trail, I will be retaining private counsel for the specific purpose of trail.

Let me know what chances you're seeking ASAP. Please be advised that I wish not spend an inordinate amount of time jockeying back and forth on this issue; I will entertain a couple of changes only, otherwise you have the option of either accepting this one as is, or, draft a different version and presenting same to the Court for approval.

Thank you for your attention to this matter.

BRIAN C. MARQUIS
Registered Paralegal

Notary Public
(24-Subpoena Service)

*Independent Paralegal Services for Attorneys*

*Web Page: http://hometown.aol.com/kmar918393/myhomepage/business.html*

6 Billings Street
Lanesborough, MA 01237-9750
Tele No.: 413.443.9675
Fax #: 413.443.5513

Pager #: 413.445.1184
Mobile #: 413.212.1562
E-mail: kmar918393@aol.com
       bmarquis@mcla.edu

**PLEASE NOTE**

The information contained in this E-mail message (and attachment(s) hereto) is legally privileged and confidential information intended for the use of the addressee(s) named above (i.e., Electronic Communications Privacy Act of 1986 (ECPA), 18 U.S.C. Sections 2510-2521 (2000)). If you, the reader of this message, are not the intended recipient(s), you are hereby notified that you should not further disseminate, distribute, copy or forward this E-mail message. If you have received this E-mail in error, please notify the sender as a soon as possible. In addition, please delete the erroneously received message from any device/media where the message is stored.


bcc discovery schedule.pdf

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

BRIAN C. MARQUIS,
    Plaintiff,

v.                                      C. A. NO.: 04-30059-MAP

BERKSHIRE COMMUNITY COLLEGE, et al,
    Defendants

## JOINT DISCOVERY SCHEDULE

1.    Pursuant to Fed.R.Civ.P. 26(f), a meeting was not held.

2.    **Pre-Discovery Disclosures.** The parties have not exchanged the information requires by Fed.R.Civ.P. 26(a) (1);

3.    **Discovery Plan.** The parties jointly propose to the Court the following discovery plan:

The following vehicles will recognize discovery:
    a)    Production of Documents;
    b)    Interrogatories;
    c)    Depositions;
    d)    Admissions;

All discovery commenced in time to be completed by 30 June 2005.

Maximum of 25 interrogatories (including subparts) by each party to any other party. (responses due 30 days after service.]

Maximum of ten (10) depositions by plaintiff and ten (10) by defendants.

Each deposition [other than members of the board of trustees] is hereby limited to maximum of four (4) hours per deponent, unless extended by agreement of parties.

- Either party with proper and timely notice allows videotaping of any deponent.

Reports form retained experts under Rule 26(a) (2) due: 31 March 2005
from plaintiff by 31 March 2005
form defendant(s) 31 March 2005

Supplementation under Rule 26(e) due at interval(s) of thirty days antecedent to the last submission, and required upon request of other party.

4.  **Other Items:**

The parties request a conference with the court before entry of the scheduling order.
The parties request a pretrial conference no later than 01 October 2005.
Plaintiffs should be allowed until 15 April 2005 to join additional parties and until thirty (30) days thereafter to amend the pleadings.

All potentially depositive motions should be filled by 01August 2005.

Settlement is unlikely, cannot be evaluated prior to 01May 2005, and may be enhanced by use of the following alternative dispute resolution procedure:

a)   *Mediation;*
b)   *Summary Trai*l.

Final list of witnesses and exhibits under Rule 26(a) (3) should be due:

from Plaintiff by thirty (30) days following the Court's ruling on depositive motions;

form defendant(s) by thirty (30) days following the Court's ruling on depositive motions.

2

Parties should have 30 days after service of final list of witnesses and exhibits to list objections under Rule 26(a) (3).

The case should be ready for trial by 30 October 2005, and the time is expected to take approximately one (1) week.

Dated: _____ November 2004

PLAINTIFF

By: _____
    BRIAN C. MARQUIS
    Registered Paralegal
    Plaintiff in propia persona
    6 Billings Street
    Lanesborough, MA 01237-9750
    Tele No.: 413.4439675
    Fax No.: 413.443.5513
    Email: kmar918393@aol.com

DEFENDANTS

By: _____
    Timothy M. Jones
    Mass. Attorney General's Office
    4th Floor
    1350 Main Street
    Springfield, MA 01103
    413/784-1240 ext.105
    Fax : 413/784-1244
    Email: timothy.jones@ago.state.ma.us